**CHASAN LEYNER & LAMPARELLO, PC**
**300 Harmon Meadow Boulevard**
**Secaucus, New Jersey 07094-3621**
**201-348-6000**
**Attorneys For Defendant City of Newark**
**File No.:  01001-0006**

| | |
|---|---|
| Renee James<br><br>              Plaintiff,<br><br>vs.<br><br>City of Newark, John Doe (1-12) and XYZ Corporation (1-12)<br><br>              Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br>**ESSEX COUNTY**<br><br>**DOCKET No.: ESX-L-001422-10**<br><br>CIVIL ACTION<br><br>**NOTICE OF REMOVAL**<br>**(28 U.S.C. § 1441(b))** |

TO:              Clerk
                 United States District Court
                 Martin Luther King, Jr. Federal Building and
                     United States Courthouse
                 50 Walnut Street
                 Newark, New Jersey 07101


ON NOTICE TO:    Herbert J. Tan, Esq.
                 744 Broad Street
                 16th Floor
                 Newark, New Jersey 07102

**PLEASE TAKE NOTICE** in accordance with 28 U.S.C. §§ 1441-1451, defendant, City of Newark, by its attorneys, Chasan, Leyner & Lamparello, P.C., hereby give notice that they have removed the above-entitled case from the Superior Court of New Jersey, Essex County, to the United States District Court for the District of New Jersey.   In support of this notice, defendant states the following:

1.      The within matter was commenced by plaintiff, Renee James, in the Superior Court of New Jersey, Essex County, Docket No. ESX-L-001422-10.   The defendants were served with a copy of the Summons and Complaint on March 4, 2010.

2.      The United States District Court has original jurisdiction of the above-captioned civil action pursuant to 28 U.S.C. § 1331 because the cause of action brought by plaintiff involves a federal question.

3.      True copies of the Summons and Complaint, which comprise all pleadings and orders served upon the defendants in this action, are attached hereto as Exhibit A.

4.      This removal is timely under 28 U.S.C. § 1446(b) in that it was filed within thirty (30) days of defendants being served with the Complaint.

5.      Defendants seek removal of the within matter pursuant to 28 U.S.C. § 1441 because the Complaint alleges causes of action arising under federal law and/or "the United States Constitution" and "the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 (1994) *et seq*".

7.      No previous petition or notice has been made for the relief sought herein.

8.      A Notice of Filing the Notice of Removal to the United States District Court for the District of New Jersey, along with a copy of the within Notice, will be filed with the Clerk of the Superior Court of New Jersey in Trenton and the Clerk of the Superior

2

Court of New Jersey in Essex County.   (See copy of Notice of Filing the Notice of Removal attached hereto as Exhibit B.)   Additionally, a copy of both Notices will be served upon plaintiff.

   **WHEREFORE**, defendant, City of Newark, respectfully gives notice that the above-entitled matter is removed to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Essex County.

**CHASAN LEYNER & LAMPARELLO, PC**
**Attorneys For Defendant, City of Newark**

By: _[signature]_
**MICHAEL A. D'ANTON, ESQ.**

**Dated:  March 19, 2010**

F:\files\Miscellaneous LIT\City of Newark\James v. City of Newark 01001-0006\FINAL Notice of Removal 03192010.doc

# EXHIBIT A

For appropriate action and follow up
Original to Corporation Counsel
Copy to file

| | |
|---|---|
| Attorney(s)   Herbert J. Tan, Esq. | **Superior Court of New Jersey** |
| Office Address   744 Broad Street, 16th Floor | |
| Town, State, Zip Code  Newark, NJ 07102 | Essex ⊙ COUNTY |
| Telephone Number   (973)735-2681 | Law                    DIVISION |
| Attorney(s) for Plaintiff   Herbert J. Tan, Esq. | Docket No:  ESX L-001422 10 |

Renee James
_____
          Plaintiff(s)

          Vs.
City of Newark,
_____
John Doe (1-12) and XYZ Corporation (1-12)
          Defendant(s)

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

     If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

     If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: _____

                                  _____
                                    Jennifer M. Perez,
                             Acting Clerk of the Superior Court

Name of Defendant to Be Served: City of Newark

Address of Defendant to Be Served: 920 Broad Street, Newark, NJ 07102

NOTE: The Case Information Statement is available at http://www.njcourtsonline.com

**HERBERT J. TAN, L.L.C.**
**ATTORNEY AT LAW**
744 BROAD STREET, 16TH FLOOR
NEWARK, NEW JERSEY 07102
TELEPHONE NO: (973) 735-2681
**ATTORNEY FOR PLAINTIFF**

SUPERIOR COURT OF NEW JERSEY
CIVIL DIVISION
ESSEX COUNTY

FEB - 8 2010

RECEIVED

Renee James

Plaintiff,

V.

City of Newark,
John Doe (1-12) and XYZ
Corporation (1-12)
Defendants

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ESSEX COUNTY
DOCKET NO. L 1422-10

**CIVIL ACTION**

**COMPLAINT AND JURY DEMAND**

For appropriate action and follow up
Original to Corporation Counsel
Copy to file

Renee James, hereinafter referred to as "Plaintiff", is a resident of the City of Newark and State of New Jersey, by way of Complaint; says:

## PRELIMINARY STATEMENT AND JURISDICTION

1. This action is brought pursuant to the following: New Jersey Constitution, New Jersey's Civil Rights Act, N.J.S.A. 10:6-1 *et seq.*, New Jersey's Law Against Discrimination and any common law remedies.

2. Jurisdiction of this Court is invoked pursuant to the New Jersey Rules of Court.

3. City of Newark, hereinafter referred to as "Defendant", is a legal entity organized in New Jersey under the laws of the State of New Jersey.

4. Defendant's supervisory personnel and employees named herein at all times were in the employ of and acting as agents for Defendant in the course of their employment.

## FACTS

5. On October 28 1985, the Plaintiff was appointed to the title of Index Clerk Typing in the City Clerk's Office. On or around August 30, 1993 Plaintiff was appointed to Senior Index Clerk.

6. Plaintiff has been affiliated with Mayor Sharpe James for twenty (20) years.

7. On May 2006, Cory Booker was elected Mayor of the City of Newark. He was sworn in on July 1, 2006.

8. On or around 2004, Plaintiff was transferred to B9a. This was a downgrade from her previous work area based on the following conditions:

9. On April 16, 2007, Plaintiff filed a complaint related to ther New Jersey Smoke-Free Air Act.

10. On April 16, 2007, filed a second complaint related to the New Jersey Smoke-Free Air Act.

11. On September 9, 2008, Plaintiff left message with Genievieve Ragginelli due to cigarette smoke filled in room in B9a.

12. On September 17, 2008, Plaintiff was subjected to chemical fumes in her workplace. She started to develop headaches in temples, felt nauseous. She left a message with Jim Collura and asked Mr. Carter to come into the room so that he could smell it. Mr. Carter never did come into the office.

13. The failure to address her complaints would cause Plaintiff to use time off to recover.

14. On October 27, 2008, Plaintiff spoke to Mr. Carter about the mice in the room and he said he would send exterminator. No exterminator was sent.

15. On October 28, 2008, the smell of smoke continued.

16. On October 30, 2008, Plaintiff again complaint to Mr. Carter about mice.

17. On November 3, 2008, Plaintiff left another message with Genevieve Ragginelli of the State with reference to cigarette smoke smells in room B9A. Plaintiff also fills out an FMLA Form.

18. On November 5, 2008, Plaintiff receives a confirmation letter regarding her FMLA.

19. On or around January 7, 2004, Plaintiff's co-worker, Damaris Marshall, assulted Plaintiff in Room 309.

20. On November 10, 2008, Plaintiff files an Unfair Practice Charge which contains Statement of Charge: 1. Harassment. 2. Retaliation. 3. Assaulted by co-worker. 4. Working out of title. 5. Police officer putting hands on me. 6. Smoking outside window of room. 7. Deplorable conditions (mice). 8. Referred to as "good morning blacky", "little black girl". 9. Letters written to superiors shared with others throughout the office of City Hall. 10. Sexual harassment on the part of Melvin Williams. 11. Opening my paychecks (stubs). 12. Unnecessary suspension arising out of the Falconi incident 13. I have to go from floor to floor just to punch in the mornings. 14. Harassed at security when entering building. 15. Refusing to grant a Union Hearing.

21. On February 24, 2009, Plaintiff is called "Kitty" by Maria Ruiz.

22. On March 3, 2009, a large pile of newspapers is brought down by co-worker Bobby Roach, and purposely placed in Plaintiff's work area causing her difficulty in performing her duties.

23. On March 9, 2009, Plaintiff has evaluation with Ken Louis and Mr. Carter. Ken Louis states Plaintiff will be taking over job where Kitty Davis, former receptionist used to work as of 03/11/09. Plaintiff refused to sign evaluation.

24. On March 31, 2009, co-worker Ed Madera comes over and asks Plaintiff if she went to the sexual harassment class. He then proceeds to tell and show Plaintiff a sexually harassing joke.

25. On April 30, 2009, letter to Mr. Robert Marasco: want to schedule a hearing.

26. On May 12, 2009, Spencer Holden, Chief of Staff to Councilman Ronald Rice, calls Plaintiff stupid during coversation.

27. On May 21, 2009, Plaintiff left message for Ken Louis and Mike James about Melvin Williams still harassing Plaintiff.  Plaintiff had a sexual harassment charge against Mr. Williams.  Everette said that she would tell Mr. Louis and that he would be over to speak to me about it. He never came that day.

28. On May 22, 2009, Ken Louis states to Plaintiff, "He can't stop Melvin from coming over here, but he won't be outside staring at me."

29. On May 22, 2009, female police officer "Tonya" yells out, "What the hell is that smell" as Plaintiff was walking by. Plaintiff was the only one in a reasonable vicinity.

30. On May 22, 2009, Plaintiff attempted to sign up to speak at Hearings of Citizens about harassment and retaliation. Threatning comments were made to Plaintif by a co-worker named Lisette Sanchez, "You don't know who you messing with" Plaintiff believed it was an attempt to deter her from complaining about harassment and retaliation at city hall.

31. On May 28, 2009, letter from Newark Office of Affirmative Action: In receipt of your letter dated May 18, 2009, alleging harassment and retaliation.

32. On May 28, 2009, co-worker Bobby Roach outside of doorway of Rm. 304 talking to Det. Lampley about Plaintiff stated,"That's how I know she doesn't have Jesus in her heart." This particular co-worker was constantly preaching to Plaintiff and others throughout the office and city hall and Plaintiff previously complained to her former supervisor Mr. Carter about it and he stated that he would talk to him about it. Plaintiff explained to Mr. Carter that by law the work place is suppose to be religion free and not to be preached at or preached to.

33. On June 6, 2009, there is a terrible odor inside and outside of her work stattion along with excessive heat in glass booth. Plaintiff complains to Ken Louis. He stated that he would tell Joe Laurino about it. Stayed hot all day long.

34. On June 11, 2009, Plaintiff meets with Investigator.

35. On June 12, 2009, Plaintiff sends e-mail to Joseph Laurino, complaining about excessive heat/lack of air conditioning in glass booth.

36. On June 17, 2009, email to Michael James, complaint about the air conditioning; e-mail to Joseph Laurino: complaint about the A/C, retaliation and harassment.

37. On June 25, 2009, Plaintif receives Preliminary Notice of Disciplinary Action

38. On June 28, 2009, Received letter of removal from Robert Marasco.

39. On or around June 29, 2009, Plaintiff returned to work after being out the week before and still did not receive a paycheck for the days she had worked prior.

40. On or around June 30, 2009, Plaintiff received paycheck for the pay period of 6/26/09 in only the amount of $232.64 for the days prior that she did work. The rate was not listed on the paystub and the hours worked were not listed as well. Plaintiff was given no explanation as to the discrepencies on her hours.

41. On or around July 1, 2009, Ed Madera tells Plaintiff another dirty joke.

42. On or around July 7, 2009, Plaintiff emails Kenneth Louis about having no air conditioning only in her work station.  Nothing is done regarding her complaint.

43. On or around July 8, 2009, Plaintiff emails Kenneth Louis about having no air conditioning only in her work station.  Nothing is done regarding her complaint.

44. On or around July 9, 2009, Plaintiff emails Kenneth Louis about having no air conditioning only in her work station.  Nothing is done regarding her complaint.

45. On or around July 13, 2009, Plaintiff emails Kenneth Louis about the foul odor in her work station.  Nothing is done regarding her complaint.

46. On or around July 17, 2009, Plaintiff emails Kenneth Louis about having no air conditioning only in her work station. Nothing is done regarding her complaint.

47. On or around July 21, 2009, Plaintiff has her disciplinary hearing.

48. On or around July 23, 2009, Plaintiff emails Kenneth Louis about having no air conditioning only in her work station. Nothing is done regarding her complaint.

49. On or around July 31, 2009, Plaintiff emails Kenneth Louis and Public Buildings about having no air conditioning only in her work station. Nothing is done regarding her complaint.

50. On or around August 4, 2009, Plaintiff emails Kenneth Louis, James Collura, Steven Olivo about having no air conditioning only in her work station. Nothing is done regarding her complaint.

51. On or around August 24, 2009, Plaintiff emails Kenneth Louis about harassment at the security check.

52. On or around August 25, 2009, Plaintiff emails Kenneth Louis about Kenneth Louis: Complaint about Melvin Williams.

53. On or around September 11, 2009, Plaintiff receives Notice of Minor Disciplinary Action: 3 days suspension: Sep. 17, Sep.24, Oct. 1, 2009.

## CLAIM FOR RELIEF

The retaliatory employment practices of the defendants violate rights secured by plaintiff by New Jersey's Constitution.

## PRAYER

**WHEREFORE,** Plaintiff prays that this Court declare that through the individual and collective effects of defendants' acts and practices, the defendants have violated rights secured by

the United States Constitution; declare plaintiff was wrongfully forced to suffer retaliatory treatment; award plaintiff back pay; award plaintiff compensation for defendants' retaliation as well as punitive damages; award plaintiff such other and further relief as this Court may deem to be just and equitable, including reasonable attorney's fees, costs and disbursements; Plaintiff requests a trial by jury on all issues.

## COUNT TWO

1. Plaintiff repeats the allegations of the previous counts as if fully restated herein.

2. Said allegations amount to violations of and N.J.S.A. 10:6-1 *et. seq.* and the personnel policies of the defendant and the public policy of this State as plaintiff was retaliated against because of her political affiliation.

   i. On or around 2008, Plaintiff was denied her retroactive pay that was supposed to be given to all of the City Workers.

   ii. Subjected to a hostile work environment.

   iii. Unnecessarily disciplined.

   iv. Complaints ignored.

3. Plaintiff was unnecessarily disciplined in the form of suspensions.

4. As a consequence of the aforestated acts, Plaintiff has been damaged as previously set forth.

   ***WHEREFORE,*** Plaintiff requests judgment against all defendants for monetary damages, both compensatory and punitive, both past and prospective, both several and joint plus costs and interest for violation of NJSA 10:6-1 *et seq.*

## COUNT THREE

1. Plaintiff repeats the allegations of the previous counts as if fully restated herein.

2. Said allegations amount to violations of New Jersey's Law Against Discrimination, plaintiff was retaliated against because of her complaints of sexual harassment.

3. As a consequence of the aforestated acts, Plaintiff has been damaged as previously set forth.

   **WHEREFORE,** Plaintiff requests judgment against all defendants for monetary damages, both compensatory and punitive, both past and prospective, both several and joint plus costs and interest for violation of New Jersey's Law Against Discrimination.

## COUNT FOUR

1. Plaintiffs repeats the allegations of the previous Counts as if fully restated herein.

2. On or around November 7, 2008, Plaintiff was scheduled to undergo a hysterectomy. Defendant denied all her prior request for FMLA leave up until one week prior to the surgery. Plaintiff was out for approximately eight (8) weeks. Plaintiff was paid for only one week during the approved FMLA leave.

3. Said allegations amount to violations of *N.J.S.A.* 10:5-1 *et seq.*, also known as the Law Against Discrimination based on Defendants' failure to accommodate.

4. As a consequence of the aforementioned acts, Plaintiffs have been damaged as previously set forth.

   **WHEREFORE,** Plaintiff requests judgment against all Defendants for monetary damages, both compensatory and punitive, both past and prospective, both several and joint plus costs, and interest for violation of New Jersey's Law Against Discrimination.

## COUNT FIVE

1. Plaintiffs repeats the allegations of the previous Counts as if fully restated herein.

2. Said allegations amount to violations of 29 U.S.C. §§ 2601–2654 (1994)*et seq.*, also known as the Family Medical Leave Act, due to the fact that she was terminated during her FMLA leave.

3.  As a consequence of the aforementioned acts, Plaintiffs have been damaged as previously set forth.

   **WHEREFORE,** Plaintiff requests judgment against all Defendants for monetary damages, both compensatory and punitive, both past and prospective, both several and joint plus costs, and interest for violation of New Jersey's Law Against Discrimination.

## REQUEST FOR JURY TRIAL

   Plaintiff hereby demands trial on all issues.

                                 HERBERT J. TAN, L.L.C.

                                 _____
                                 Herbert J. Tan, Esq.
                                 Attorney for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

   Pursuant to R. 4:5-1, Herbert J. Tan, Esq. is hereby designated as trial counsel for the above captioned matter.

                                 HERBERT J. TAN, L.L.C.

                                 _____
                                 Herbert J. Tan, Esq.
                                 Attorney for Plaintiff

## CERTIFICATION PURSUANT TO R.4:5-1

   Plaintiff hereby certify that to the best of her knowledge, the within matters in controversy are not the subject of any other action pending in any other Court or of a pending arbitration proceeding nor is any action or arbitration proceeding contemplated nor are other parties required to be joined in this action.

                                 HERBERT J. TAN, L.L.C.

Herbert J. Tan, Esq.
Attorney for Plaintiff

Dated:      February 4, 2010

# EXHIBIT B

**CHASAN LEYNER & LAMPARELLO, PC**
**300 Harmon Meadow Boulevard**
**Secaucus, New Jersey 07094-3621**
**201-348-6000**
**Attorneys For Defendant City of Newark**
**File No.:  01001-0006**

| | |
|---|---|
| Renee James<br><br>       Plaintiff,<br><br>vs.<br><br>City of Newark, John Doe (1-12) and XYZ Corporation (1-12)<br><br>       Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br>**ESSEX COUNTY**<br><br>**DOCKET No.: ESX-L-001422-10**<br><br>**CIVIL ACTION**<br><br>**NOTICE OF FILING OF**<br>**NOTICE OF REMOVAL**<br>**(28 U.S.C. § 1441(b))** |

**TO:**              Clerk
                     Superior Court of New Jersey
                     Hughes Justice Complex
                     CN-970
                     Trenton, New Jersey 08625

**ON NOTICE TO:**    Clerk
                     Superior Court of New Jersey
                     Essex County
                     Civil Case Management Office
                     470 Dr. Martin Luther King, Jr. Blvd.
                     Room 208 HCH
                     Newark NJ 07102

Herbert J. Tan, Esq.
744 Broad Street
16th Floor
Newark, New Jersey 07102

SIR/MADAM:

**PLEASE TAKE NOTICE** that defendant, City of Newark, have on this 19th day of March, 2010, filed a Notice of Removal, a copy of which is attached hereto, in the United States District Court for the District of New Jersey, to remove the above-captioned matter from the Superior Court of New Jersey, Essex County, to the United States District Court for the District Court of New Jersey.

You are also advised that the defendant, upon filing of said Notice of Removal, filed a copy of the Notice with plaintiff's counsel, Herbert J. Tan, Esq.

**CHASAN LEYNER & LAMPARELLO, PC**
**Attorneys For Defendant, City of Newark**

By: _Michael A. D'Anton_

**MICHAEL A. D'ANTON, ESQ.**

Dated:  **March 19, 2010**

F:\files\Miscellaneous LIT\City of Newark\James v. City of Newark 01001-0006\FINAL Notice of Filing 03192010.doc